UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MOORE,

        Plaintiff,

vs.
                              Case No. 07-CV-14742
                              HON. GEORGE CARAM STEEH

LEO BURNETT WORLDWIDE, INC., et al.,

        Defendants.

_____/

<u>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT (# 31); DENYING AS MOOT DEFENDANTS' MOTION
TO DISMISS COUNTS III AND IV OF THE AMENDED COMPLAINT (#22),
AND DENYING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS (# 24)
WITHOUT PREJUDICE</u>

        Defendants Leo Burnett Worldwide, Inc., Leo Burnett, USA, Inc., and Leo Burnett Detroit Inc. (collectively Leo Burnett) move to dismiss Counts III and IV of plaintiff James Moore's July 1, 2008 Amended Complaint alleging wrongful/constructive discharge and breach of contract. Defendants Leo Burnett also move for Rule 11 sanctions arguing Counts III and IV are frivolous. Plaintiff Moore moves for leave to file a Second Amended Complaint in response to Leo Burnett's motion to dismiss Counts III and IV and his express termination from Leo Burnett's employ on September 5, 2008. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

**I. Background**

        Moore alleges in his current Amended Complaint that he was hired in October 2004 as the Executive Vice President, Director of GM International, at Leo Burnett's Detroit

Office in Troy, Michigan, at a $350,000.00 salary plus bonus and benefits. Moore was allegedly promoted to President of the Detroit Office in February 2005, with his salary raised to $425,000.00. Moore alleges that in 2006, his direct supervisor CEO Thomas Bernardin and others began making comments about making Leo Burnett a "younger" agency. Moore alleges that, later in 2006, Bernardin instructed him to use an employee's age as a determining factor in reducing office staff and "clear[ing] out the old dead wood." Moore alleges he received a March 2007 employment review critical of his age, including that "today's definition of creativity is not the one he [Moore] grew up with." Moore alleges he thereafter received smaller bonuses than similarly situated younger employees and was subjected to a age-hostile work environment. Moore continues by alleging:

> On July 13, 2007 Plaintiff was constructively terminated from his position as President, Leo Burnett Detroit when he was advised that he was being demoted and given a significant decrease in pay due to his age effective July 18, 2007.

Amended Complaint, ¶ 24, at 4. Counts I and II of the Amended Complaint allege age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq., and Michigan's Elliott-Larsen Civil Rights Act, M.C.L. §§ 37.2101, et seq.. Count III alleges wrongful/constructive discharge based on the alleged July 13, 2007 demotion. Count IV alleges breach of contract premised on Moore's alleged July 13, 2007 constructive discharge and wrongful demotion without cause.

On July 16, 2008, defendants Leo Burnett moved to dismiss Counts III and IV as alleged in the Amended Complaint arguing Moore could not maintain a claim of constructive discharge because Moore remains employed by Leo Burnett. Defendants argue Moore could not possibly show that he was compelled to *resign* due to intolerable working conditions, Policastro v. Northwest Airlines, Inc., 297 F.3d 535, 539 (6th Cir. 2002);

Hartleip v. McNeilab, Inc., 83 F.3d 767, 776 n.10 (6th Cir. 1996), and should be sanctioned under Rule 11 for filing such frivolous claims. Moore responds to the motion to dismiss and motion for Rule 11 sanctions arguing his constructive discharge claims raise an issue of first impression, that is, whether a claim of constructive discharge may be maintained where the plaintiff-employee remains employed but is demoted from a higher-paying "specific position."

Before the court could issue a ruling on Leo Burnett's motion to dismiss and motion for Rule 11 sanctions, plaintiff Moore filed a September 9, 2008 motion for leave to file a First Amended Complaint. Moore was discharged from Leo Burnett's employ on September 5, 2008. Moore seeks to add allegations relative to his express discharge, and to clarify that he is alleging wrongful *demotion* relative to the July 13, 2007 action taken by Leo Burnett. Leo Burnett does not oppose the motion to the extent Moore seeks leave to allege claims based on Moore's recent discharge, but opposes Moore's motion for leave to amend to the extent Moore seeks to transform his prior constructive discharge claims into claims of wrongful demotion. Leo Burnett argues that, consistent with the arguments advanced in the motion to dismiss, it would be futile to allow Moore to now allege wrongful demotion.

## II. Analysis

Leave to amend a complaint is to be freely granted when justice so requires. See Fed. R. Civ. P. 15(a). Absent bad faith or dilatory motive on the part of the movant, leave to amend should be granted unless the amended claim would not survive a motion to dismiss. Foman v. Davis, 371 U.S. 178, 182 (1962); Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir. 1991); Head v. Jellico Hous. Auht., 870 F.2d 1117, 1124

(6th Cir. 1989). To survive a Rule 12(b)(6) motion to dismiss, a claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)). The court must construe the claim in a light most favorable to the plaintiff, accept the factual allegations as true, and determine whether plaintiff's factual allegations present plausible claims. Twombly, 127 S. Ct. at 1965.

Plaintiff Moore's proposed Second Amended Complaint no longer alleges constructive discharge, either in Count III now alleging wrongful demotion, or count V alleging breach of contract. Count III alleges Moore was wrongfully demoted on July 13, 2007 in breach of an express written agreement and oral assurances creating a "legitimate expectation" of job security. Count V alleges breach of contract based on two instances:

> 64. On July 13, 2007 Defendants terminated Plaintiff from his position as President Leo Burnett Detroit when they demoted him without cause and cut his pay to $275,000.00 a year.
>
> 65. At the time he was demoted and terminated from his position as President Leo Burnett Detroit, Plaintiff was earning a salary of $425,000.00.
>
> 66. Defendants have breached the contract by failing or refusing to compensate [Moore] "12 months salary" of $425,000.00.
>
> 67. On September 5, 2008 Defendants terminated Plaintiff from his employment at Leo Burnett Detroit without cause.
>
> \* \* \*
>
> 69. Defendants have breached the contract by failing or refusing to compensate [Moore] "12 months salary" of $275,000.

Proposed Second Amended Complaint, ¶¶ 64-67, 69, at 9-10. Plaintiff Moore's focus on the terminology "termination" relative to the alleged July 13, 2007 demotion apparently

4

arises from a September 20, 2004 document which reads in part:

> **Employment Security**
> Should we terminate your employment without cause, we would compensate you with 12 months salary at your then going rate, plus outplacement services.

See Exhibit A, attached to Plaintiff's August 6, 2008 Response to Defendants' Motion to Dismiss Counts III and IV.

Construing proposed Claims III and V in a light most favorable to plaintiff Moore, Moore has alleged plausible breach of contract claims. Twombly, 127 S. Ct. at 1965. Moore alleges in Count III that he had a contractual right not to be demoted without just cause. Moore alleges in Count V that he had a contractual right to receive "12 months salary" if he was demoted *or* terminated without just cause. These contractual claims were not fully addressed in Leo Burnett's motion to dismiss Counts III and IV as alleged in Moore's Amended Complaint. Moore no longer relies on a theory of constructive discharge or termination relative to the alleged July 13, 2007 demotion; Moore alleges that the term "terminate" as used in the September 20, 2004 document contemplated a termination from either his position as President of the Detroit Office, or a termination of his employment from Leo Burnett. Whether Moore eventually succeeds on these contractual claims remains subject to further legal and factual development. Absent evidence of bad faith or dilatory motive on the part of Moore, the court will grant Moore's motion for leave to file a Second Amended Complaint. Twombly, 127 S. Ct. at 1965; Foman, 371 U.S. at 182; Sinay, 948 F.2d at 1041-42; Head, 870 F.2d at 1124. The court makes clear that today's ruling does not preclude dismissal of amended Counts III and V in the future.

With the granting of Moore's motion for leave to file a Second Amended Complaint, Leo Burnett's motion to dismiss Counts III and IV as alleged in the Amended Complaint is

rendered moot. At this stage in the litigation, the court cannot yet conclude that Moore's constructive discharge claims as alleged in Counts III and IV were then advanced in bad faith on a frivolous argument for extending existing law. Accordingly, the court will deny Leo Burnett's motion for Rule 11 sanctions without prejudice. Fed. R. Civ. P. 11(b)(2).

### III. Conclusion

For the reasons set forth above, plaintiff Moore's motion for leave to file a Second Amended Complaint is hereby GRANTED. Defendants' motion to dismiss Counts III and IV as alleged in the Amended Complaint is hereby DENIED as MOOT. Defendant's motion for Rule 11 sanctions is hereby DENIED, without prejudice.

SO ORDERED.

Dated: October 21, 2008

                                                   s/George Caram Steeh
                                                   GEORGE CARAM STEEH
                                                   UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 21, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk